**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN ADMIRALTY**

MERCANTILE BANK, a division of Carolina
First Bank, successor to CNB National
Bank, a South Carolina corporation,

                      Plaintiff,

vs.

                                  Case No.  3:08-cv-1077-J-34JRK

M/Y FIXATION, her engines, tackle,
appurtenances, etc., in rem, THOMAS J.
FIX, in personam, and SHERRY G. FIX,
in personam,

                      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff Mercantile Bank's Renewed Motion for Award of Attorney's Fees (Doc. No. 58; "Renewed Motion"), filed August 27, 2010. The Renewed Motion was referred to the undersigned by the Honorable Marcia Morales Howard, United States District Judge, on June 10, 2010 for the issuance of a Report and Recommendation regarding an appropriate resolution. See Order of Referral (Doc. No. 56). In the Renewed Motion, Plaintiff seeks to recover $21,892 in attorney's fees from Defendants Thomas J. Fix and Sherry G. Fix ("Fix Defendants"). Renewed Motion at 3. For the following reasons, the undersigned recommends that the Renewed Motion be granted.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking the factual allegations on appeal.

## I. Background

On November 10, 2008, Plaintiff filed a Verified Complaint to Foreclose Preferred Ship Mortgage (Doc. No. 1) and subsequently filed an Amended Verified Complaint to Foreclose Preferred Ship Mortgage (Doc. No. 23; "Amended Complaint") on January 6, 2009. In the Amended Complaint, Plaintiff alleges Defendant *M/Y Fixation*, a 36'9" motor yacht with Official No. 1148836, was purchased by the Fix Defendants for $257,000 on November 21, 2002 upon execution of a promissory note (Doc. No. 23-1; "Note") in favor of Plaintiff. Am. Compl. at 2. Plaintiff asserts that the Fix Defendants executed a preferred mortgage (Doc. No. 23-2; "Mortgage"), also in favor of Plaintiff, on September 12, 2003 "in connection with a substitution of collateral for the Note." Id. at 2-3. According to Plaintiff, the Note set forth a schedule of monthly payments with a final lump sum payment due on May 21, 2008. See id. at 3. Plaintiff alleges the Fix Defendants failed to make the final payment on May 21, 2008 and caused "the [M]ortgage to go into and remain in default pursuant to its terms and conditions." Id.

Following the commencement of this case, on November 25, 2008, Plaintiff filed a proof of publication of the action. See Proof of Publication (Doc. No. 15). Process was served on the Fix Defendants on November 19, 2008. See Returns of Service (Doc. Nos. 16 and 17). When the Fix Defendants failed to respond to the Amended Complaint, Plaintiff moved for entry of default against Defendant *M/Y Fixation* on December 8, 2008 and the Fix Defendants on December 15, 2008. See Plaintiff's Motion for Default Against Defendant *M/Y Fixation* (Doc. No. 18); Plaintiff's Motion for Default Against the Fix Defendants (Doc. No. 19). The motions for default were denied as moot following the January 6, 2009 filing of the

Amended Complaint. See Order (Doc. No. 28). Although counsel filed a Notice of Appearance (Doc. No. 21) on behalf of Defendant *M/Y Fixation* and the Fix Defendants on December 17, 2008, counsel ultimately withdrew before filing any responsive pleading to the Amended Complaint. See Order (Doc. No. 33), entered February 11, 2009. When Defendants, proceeding pro se, failed to respond to the Amended Complaint, Plaintiff filed a motion for entry of default against Defendants. See Plaintiff's Motion for Default Against the Fix Defendants (Doc. No. 35), filed February 24, 2009; Plaintiff's Motion for Default Against Defendant *M/Y Fixation* (Doc. No. 36), also filed February 24, 2009. Thereafter, on February 25, 2009, the clerk entered default as to all Defendants. See Doc. No. 37. On March 25, 2009, Plaintiff filed a Motion for Final Default Judgment or for Summary Judgment Against Defendant *M/Y Fixation* and the Fix Defendants (Doc No. 40), which the Court granted on January 6, 2010. See Order (Doc. No. 44). Accordingly, a judgment in favor of Plaintiff and against Defendants was entered in the amount of $203,985.35. See Judgment in a Civil Case (Doc. No. 45; "Judgment"), also entered January 6, 2010.

On January 19, 2010, Plaintiff filed a Motion for Award of Attorney's Fees (Doc. No. 47; "First Motion"). In the First Motion, Plaintiff petitioned the Court for an award of attorney's fees incurred in bringing the action but requested Plaintiff be permitted to supplement the motion with attorney's fees incurred from the sale of Defendant *M/Y Fixation*. Id. at 1, 6. On March 24, 2010, Defendant *M/Y Fixation* was sold in accordance with Local Admiralty Rules. See Proof of Publication (Doc. No. 53), filed April 1, 2010; Notice of U.S. Marshal's Sale in Admiralty (Doc. No. 54), also filed April 1, 2010; Confirmation of Sale (Doc. No. 55), filed April 2, 2010. The Court entered an Order on August 17, 2010 deeming the First Motion

moot and directing Plaintiff to file one comprehensive motion encompassing and detailing all attorney's fees sought. See Order (Doc. No. 57), filed August 17, 2010. Thereafter, Plaintiff filed the Renewed Motion.

## **II. Discussion**

Plaintiff seeks to recover attorney's fees incurred "in the prosecution of this action" from the Fix Defendants. Renewed Motion at 1. Recovery of attorney's fees is governed by Rule 54(d)(2), Federal Rules of Civil Procedure ("Rule(s)"), which provides in pertinent part as follows:

> (A) Claim . . . . A claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing . . . . Unless a statute or a court order provides otherwise, the motion must:
>
>> (i) be filed no later than [fourteen] days after the entry of judgment;
>>
>> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>
>> (iii) state the amount sought or provide a fair estitmate of it; and
>>
>> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2).

Here, Plaintiff has complied with the requirements of Rule 54(d)(2). The Judgment was entered in favor of Plaintiff on January 6, 2010. Thereafter, on January 19, 2010, Plaintiff timely filed the First Motion. In the First Motion, Plaintiff stated it was seeking recovery of attorney's fees from the Fix Defendants pursuant to the Judgement, the Note, and the Mortgage. First Motion at 2. Plaintiff petitioned the Court for an award of $18,124

in attorney's fees but requested that it be permitted to supplement the motion with attorney's fees related to the sale of Defendant *M/Y Fixation*. *Id.* at 6. In the Renewed Motion, Plaintiff states it has incurred a total of $21,892 in attorney's fees. Renewed Motion at 3.

In admiralty cases, attorney's fees generally are not recoverable unless "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Natco Ltd. P'ship v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001) (citing *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730-31 n.5 (5th Cir. 1980)). Here, both the Note and the Mortgage provide for the indemnification of attorney's fees in the event of default, *see* Note (Doc. No. 23-1) at 2; Mortgage (Doc. No. 23-2) at 5, and therefore entitle Plaintiff to recover attorney's fees, *see Natco*, 267 F.3d at 1193.

The amount of attorney's fees awarded is determined through a three-step process. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000); *see Suncoast Schools Fed. Credit Union v. M/V Papillon*, No. 8:09-cv-765-T-17AEP, 2010 WL 882889, at *1 (M.D. Fla. Mar. 2, 2010) (unpublished) (applying *Dillard* in an admiralty case). "First, a court asks if the plaintiff has 'prevailed' in the statutory sense." *Dillard*, 213 F.3d at 1353 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Second, the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area." *Dillard*, 213 F.3d at 1353 (citing *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996)); *see Natco*, 267 F.3d at 1196 (stating that to calculate attorney's fees, a court must determine the "lodestar" figure). "Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation,

the most important being the relation of the results obtained to the work done." Dillard, 213 F.3d at 1353 (citing Hensley, 461 U.S. at 434). Prior to applying the "lodestar" approach, the court must determine whether the hourly rate charged and number of hours expended are reasonable. See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299, 1301 (11th Cir. 1988). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate . . . and . . . the hours are reasonable." Duckworth, 97 F.3d at 1396 (citing Norman, 836 F.2d at 1299). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984)) (citation omitted). With regard to reasonable hours expended, "billing judgment" requires a party to exclude hours that would be unreasonable to bill to a client "irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

As to the first step, Plaintiff is the prevailing party. See Judgment at 1; see also Suncoast, 2010 WL 882889 at *2 (finding the plaintiff to be the prevailing party following entry of a default judgment against the defendant). Regarding the second step, Plaintiff has submitted "satisfactory evidence" to establish that the hourly rates requested and numbers of hours expended are reasonable. See Duckworth, 97 F.3d at 1396. Plaintiff submitted time sheets reflecting the hourly rates and number of hours expended by the attorneys working on this case. See Declaration of Eric L. Hearn in Support of Plaintiff's Motion for Award of Attorney's Fees (Doc. No. 58-1) at 10-32. Plaintiff requests hourly rates that range from $190 per hour to $270 per hour. See id. at 2. Plaintiff claims its attorneys expended 91.6

hours in the prosecution of this case. See id. In support of the reasonableness of both the hourly rates and number of hours expended, Plaintiff attaches an Affidavit as to Reasonableness of Attorney's Fees (Doc. No. 58-2; "Affidavit") to the Renewed Motion. In the Affidavit, Thomas A. Boyd, Jr. ("Mr. Boyd"), a board certified admiralty and maritime law attorney with more than twenty years practicing in the Jacksonville legal community, attested to the reasonableness of the attorney's fees incurred in this case. See Affidavit at 1-2. Mr. Boyd opined, upon a review of the file, that 91.6 hours expended in the prosecution of this case is reasonable. See id. at 2. Moreover, Mr. Boyd opined that "the rate of $270.00 per hour for a senior partner, the rate of $240.00 per hour for a partner, and the rate of $190.00 per hour for an associate are reasonable rates in the Jacksonville area." Id. Mr. Boyd concluded that $21,892 is a reasonable attorney's fee for the work completed by the attorneys in this case. See id. As to step three, it is unnecessary to adjust the "lodestar" figure in this case to account for other considerations. Accordingly, the undersigned finds that the hourly rates charged and number of hours expended in this case are reasonable. Applying the "lodestar" approach, Plaintiff is entitled to recover attorney's fees as follows:

| **Attorney:** | **Hours Billed:** | **Hourly Rate:** | **Total:** |
|---|---|---|---|
| Richard K. Jones | 1.5 | $270.00 | $405.00 |
| James F. Moseley, Jr. | 17.1 | $270.00 | $4,617.00 |
| Eric L. Hearn | 60 | $240.00 | $14,400.00 |
| Stephanie U. Grau | 13 | $190.00 | $2,470.00 |
|  |  |  | **$21,892.00** |

Based on the foregoing, it is

**RECOMMENDED:**

1.	That Plaintiff Mercantile Bank's Renewed Motion for Award of Attorney's Fees (Doc. No. 58) be **GRANTED**.

2.	That Plaintiff be awarded attorney's fees in the amount of $21,892.

3.	That the Clerk be directed to enter judgment in favor of Plaintiff and against Defendants Thomas J. Fix and Sherry G. Fix in the amount of $21,892 for attorney's fees.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 11, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

wlg
Copies to:
Honorable Marcia Morales Howard,
United States District Judge

Counsel of Record
Pro Se Parties